LEOPOLD SCHOENFELD

*v.*

THOMAS H. BROWN *et al.*

1. STATUTE OF FRAUDS—*promise to pay debt of another.*   If the credit is alone given to the person promising to pay, the Statute of Frauds can have no application, as it only affects verbal promises for the payment of the debt, default or miscarriage of another person.

2.   Where contractors to furnish materials and build a house enter into a contract with another to furnish a certain part of the materials, and the latter, after furnishing a small part of the materials, abandons the contract on account of the insolvency of the principal contractors, and the owner of the premises verbally promises to pay for the balance, and other materials are furnished on the faith of such promise to pay, it will not be within the Statute of Frauds.

3.   NEW TRIAL—*newly discovered evidence.*   A new trial will not be granted on the ground of newly discovered evidence, where it is merely cumulative, and not in its nature conclusive.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

This was an action of assumpsit, upon the common counts, for goods sold and delivered, brought by Thomas H. Brown and Aaron L. Brown, against Leopold Schoenfeld. The substance of the material facts appears in the opinion of the court.

Messrs. Isham & Lincoln, for the appellant.

Messrs. Hitchcock & Dupee, for the appellees.

Mr. Justice Walker delivered the opinion of the Court:

On the 19th of July, 1873, appellant entered into a contract with Preston, Koneman & Melick, by which they agreed to furnish all the materials and do all the work in the erection of a brick building for the sum of $13,250, to be paid to them in installments, as the work progressed, on the certificates of the architect. They sub-let a portion of the work to appellees, they agreeing to furnish the doors, windows and frames, and other "mill work" of like character for the building, for the sum of $1825, to be paid for at a time specified in an agreement then executed.

About the middle of September, appellees, having furnished about $405 worth of work, obtained from Preston & Koneman an architect's certificate they had received, calling for $400, for materials furnished by appellees. The certificate was indorsed by Preston & Koneman, and presented to appellant, and he paid the money to appellees, by a check drawn in favor of Preston & Koneman. Appellees having called on appellant for money, and not obtaining it, they served on appellant a notice that they were sub-contractors, and that they looked to him for payment, and they also filed a petition to enforce a mechanic's lien, which was still pending when this suit was tried. They also brought this action of assumpsit to recover the value of the materials delivered by them, claiming that appellant had promised to pay for them. A trial was had in the court below, and the court found for

the plaintiffs, and assessed their damages at $1394.65, for which, after overruling a motion for a new trial, a judgment was rendered against defendant, and he appeals to this court and asks a reversal.

One of the Browns, and Champion, their book-keeper, testified positively that appellant told them to go on and deliver the doors, windows and frames, and he would pay for them. Brown testified that he and his partner abandoned the contract with Preston & Koneman before they delivered any of the materials, except the $405 worth, for which they obtained from them appellant's check; and it was, as it appears, but a short time afterwards until Preston & Koneman failed, and were known to be entirely insolvent. These witnesses testify to the promise made at different times, and that it was unconditional, except as to the delivery of the materials. On the other hand, appellant denies as emphatically that he ever made such a promise.

Not seeing the witnesses testify, we are not able to judge as accurately of their credibility as the judge trying the case; but so far as we can judge from the record, we are unable to see how the court below could have done otherwise than give credence to the evidence on the part of appellees. It seems to be consistent with the circumstances shown in the case, has every appearance of truth, and, we think, decidedly preponderates over the evidence of appellant; and it has ever been the rule of this court never to disturb a verdict, unless it is manifestly against the evidence. Such is not the case here, and we think the finding of the court is fully sustained by the evidence.

It is, however, urged that the promise was within the Statute of Frauds, and was not binding, and void, as it was not in writing and signed by appellant. The test in such cases is, whether the promise is direct or collateral; and the most ready means of solving the question is, whether, in such cases as the present, the credit was given to the person making the promise or to a third person. Where the credit is alone

490       SCHOENFELD *v.* BROWN *et al.*       [Sept. T.

Opinion of the Court.

given to the promisor, then the statute can not have any operation, as it only affects verbal promises for the payment of the debt, default or miscarriage of another person. When a person purchases goods, or agrees to purchase, and they are delivered to him under such a promise that he will pay for them, there can be no pretense that he is undertaking to pay the debt of another. In such a case, the debt is his own, and he is, by every principle of justice, and under the most familiar rules of law, liable to pay it. The difficulty usually arises in determining to whom the credit was given, and such is the fact in this case.

Had Preston & Koneman not entered into a contract with appellees, then there could have been no pretense whatever for insisting that the statute has any application; but if appellees, for any cause, abandoned that contract, and appellant afterwards agreed to pay for the materials if appellees would furnish them, and they did not look to Preston & Koneman for their pay, then it is perfectly obvious that appellant's contract was original, and not collateral; and, all the evidence considered, we are satisfied that the court below was fully warranted in finding that the credit was given to appellant, and that appellees looked alone to him for payment. One of the appellees, and the clerk of his firm, so testified, and that the contract with Preston & Koneman was abandoned, and the court was fully warranted in giving credit to their evidence, as we have seen, in preference to the unsupported testimony of appellant.

Again, the statute rendered appellant ultimately liable for the payment for these materials. Under its provisions, appellees only had to give the requisite notice to appellant to stop payment to the original contractors, to the extent of their claims, if there would be so much coming to them, and other sub-contractors, or laborers, or material-men, did not also acquire an equal right. By the notice, they could, at all events, acquire a right to participate in the fund to be paid to the principal contractors; and this being a statutory right,

the presumption would arise that appellees, when they contracted with Preston & Koneman, did so with a view to the provisions of the statute; and if so, they did not give the sole credit to them, but in part, and as an ultimate remedy, to appellant. The material was to be, and was, placed in his building, and became a part of his real estate, and he has alone derived all of the benefit from its use. The first contractors, therefore, to a limited extent, and upon the terms of the statute, became *quasi* his agents. We should, therefore, give the Statute of Frauds a less rigid application than had appellant had no interest in, or benefit growing out of, the contract. Appellant must have known the terms of the Statute of Liens, and could have so made his agreement with the principal contractors that the money paid for the erection of the building would have gone to the laborers and materialmen; but this he neglected to do, and much, if not all, of his misfortune has grown out of his own acts.

It is urged that the court below erred in not granting a new trial on account of the newly discovered evidence. It is a rule of this court, running through all of our reports, and it is founded on reason and fully fortified by abundant authority, that the court will not grant a new trial where such evidence is merely cumulative, and is not in its nature conclusive. Here, this newly discovered evidence is only cumulative, and is not in its nature conclusive. Had that evidence been introduced, and the finding resulted as it did, we are by no means prepared to say that we could, under the uniform decisions of this court, have disturbed the finding. With that evidence in the record, under the finding of the circuit judge as it is, we could not say that it was manifestly against the evidence.

A careful examination of the record fails to show that there is any error in the record, and the judgment is affirmed.

*Judgment affirmed.*