# THE ILLINOIS CENTRAL RAILROAD COMPANY
## v.
### JACOB ZANG.

1. INSTRUCTION AS TO PREPONDERANCE OF EVIDENCE.—An instruction that the preponderance of testimony "does necessarily consist in the number of witnesses, etc.," instead of "does *not* necessarily consist, etc.," is erroneous: and although the omission may have been accidental, yet it can not be said that the jury did not understand the instruction just as it reads, and resolve the conflict of evidence upon that basis.

2. INSTRUCTION ASSUMING FACTS.—An instruction, that if the jury believe the injury to plaintiff occurred "by reason of the neglect of the employes of the defendant to obey the signal of the semaphore, etc.," is erroneous, because, assuming as a fact the neglect of the defendant's employes to obey such signal. It is error in an instruction to assume any fact about which there is a dispute.

3. EVIDENCE OF PECUNIARY CONDITION OF PLAINTIFF.—In actions to recover damages for injuries received by the negligence of another, it is error to receive evidence of the poverty or pecuniary condition of the plaintiff.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed May 9, 1882.

Mr. MELVILLE W. FULLER, for appellant; that it was error to admit evidence of plaintiff's poverty, cited Chicago v.

O'Brennan, 65 Ill. 160; P. Ft. W. & C. R. R. Co. v. Powers, 74 Ill. 341; Chicago v. Scholton, 75 Ill. 468; Conant v. Griffin, 48 Ill. 410; C. & A. R. R. Co. v. Becker, 76 Ill. 25; same case, 84 Ill. 483; C. & N. W. R. R. Co. v. Moranda, 93 Ill. 302; City of Warren v. Wright, 5 Bradwell, 429; 2 Thompson on Negligence, 1263.

The court erred in giving an instruction which assumed a fact about which there was a dispute: Chicago v. Bixby, 84 Ill. 82; Adams v. Smith, 58 Ill. 417; Small v. Brainard, 44 Ill. 355; M. S. & N. I. R. R. Co. v. Shelton, 66 Ill. 424; Am. Ins. Co. v. Crawford, 89 Ill. 62.

Both railroad companies being, at this place, operated under the rules of the defendant company, plaintiff must be considered as the fellow-servant with defendant's employes, and hence defendant is not liable for injuries occasioned by the negligence of its servants: C. B. & Q. R. R. Co. v. Clark, 2 Bradwell, 600; Clark v. C. B. & Q. R. R. Co. 92 Ill. 43.

Messrs. DeWolf, Miller & DeWolf, for appellee.

Bailey, J.   This was an action on the case, brought by Jacob Zang against the Illinois Central Railroad Company, to recover damages for a personal injury to the plaintiff, caused, as is alleged, by the negligence of the servants and employes of the defendent.   It appears that at the time of the injury the defendant and the Michigan Central Railroad Company were jointly using certain railway tracks belonging to the defendant for running and operating their respective trains of cars, said trains being operated and run under the rules and regulations of the defendant; that the plaintiff was in the employ of the Michigan Central Railroad Company, in the capacity of conductor of a freight train, and was then engaged in switching his train on one of said tracks, and giving the proper signals for that purpose; that while so doing, he was run over by one of defendant's engines, whereby his foot and ankle were so crushed and mutilated as to require amputation.

The evidence shows that the defendant had in use near the place of the accident a certain structure for signaling trains,

called a semaphore, and that it also had a certain rule then in force prescribing the manner in which the movements of trains should be controlled by signals made by the arm of said semaphore, and it is alleged that the plaintiff's injury resulted from inattention to said signals on the part of the engineer in charge of the defendant's engine.

On the trial the jury found the defendant guilty and assessed the plaintiff's damages at $3,000, for which sum, and costs, the court gave judgment for the plaintiff. The evidence bearing upon the question of the negligence of the defendant's engineer, and also of the care exercised by the plaintiff, is conflicting. The point is made that the verdict is against the evidence, and much of the argument on both sides is devoted to its discussion; but as the judgment must be reversed on other grounds, we refrain from expressing any opinion as to the preponderance of evidence.

The first instruction given on behalf of the plaintiff was as follows:

"The jury are instructed that while it is true that the party in a suit which has the affirmative of an issue is bound to substantiate such issue by a preponderance of evidence, yet such preponderance of evidence does necessarily consist in the number of witnesses sworn on either side of the case. The jury should take into consideration the opportunities of the several witnesses for seeing or knowing the things about which they testify, their conduct and demeanor while testifying, their interest or lack of interest in the result of the suit, if any has been shown, the probability or improbability of their statements in view of all the other evidence, facts and circumstances proved on the trial, and from all these circumstances determine upon which side is the weight or preponderance of the evidence."

The difficulty with this instruction is manifest. It consists of the omission, probably accidental, of the word "not" so as to read, that the preponderance of the evidence "does necessarily consist," instead of "does not necessarily consist" in the number of witnesses sworn. It may be said, that the omission is so apparent, that no one reading the instruction could be

I. C. R. R. Co. v. Zang.

misled; and, also, that the latter part of the instruction is inconsistent with the former unless the omitted word is supplied. We think it probable that a skillful lawyer would instantly recognize the absence of the word as a casual omission, and would read the instruction as though it were supplied; but we are not prepared to say that ordinary jurors unskilled in legal principles, would be likely to do the same thing. It should be remembered, that the evidence was so far conflicting, that it became a matter of very great importance that the jury should be accurately instructed. We can not say that the jury did not take and understand the instruction just as it reads, and resolve the conflict in the evidence upon that basis. Upon the main propositions of fact, the plaintiff produced four witnesses, and the defendant only three. Under these circumstances the omission was, to say the least, a very hazardous one, and constitutes an error for which alone the judgment should be reversed.

The second and only other instruction given for the plaintiff was as follows:

" If the jury believe from the evidence that the injury to the plaintiff occurred by reason of the neglect of the employes of the defendant to obey the signal of the semaphore, and if they also believe from the evidence that the plaintiff was on the track in the usual and ordinary course of business as an employe of the Michigan Central Railroad Company, and was not guilty of any negligence in his attention to such business, or want of ordinary care for his own safety, then he is entitled to recover such damages as will be a fair compensation for such injury, including the pain and suffering caused thereby, as well as the permanent results thereof."

This instruction assumes as a fact the neglect of the employes to obey the signal of the semaphore, and merely submits to the jury the question whether the injury to the plaintiff occurred by reason of such neglect. This assumption was necessarily prejudicial to the defendant, as the fact assumed was one of the principal matters in issue, and in respect to which the evidence was conflicting. It is error for a court, in an instruction, to assume as true any fact which is in dispute; and where the fact

assumed is of the very gist of the controversy, the error is of a character sufficiently grave to warrant an appellate court in reversing the judgment.

The court also permitted the plaintiff, against the objection and exception of the defendant, to give evidence of his own poverty. This evidence was responsive to no issue in the case, and could only have had a tendency to bias the jury unfavorably to the defendant in the assessment of damages. The Supreme Court has repeatedly held such evidence to be improper in cases of this character. City of Chicago v. O'Brennan, 65 Ill. 160; P. Ft. W. & C. R. W. Co. v. Powers, 74 Id. 341. See also Village of Warren v. Wright, 5 Bradwell, 427; Barbour County v. Horn, 48 Ala. 566; 2 Thomp. on Neg. 1263.

Various other questions are presented by counsel in their arguments which we need not consider, but for the errors above pointed out, the judgment will be reversed and the cause remanded.

Judgment reversed.