# VILLAGE OF EVANSTON
## v.
# KITTIE FITZGERALD.

*Municipal Corporations—Negligence—Defective Sidewalk—Personal Injuries.*

1. An excessive verdict can be cured by a *remittitur.*

2. Whether or not a trap door in a sidewalk was a dangerous obstruction, is a question of fact for the jury. Likewise whether plaintiff was negligent.

Village of Evanston v. Fitzgerald.

3. This court declines to interfere with a judgment in behalf of the plaintiff in an action brought to recover from a municipality for personal injuries alleged to have occurred through its negligence

[Opinion filed June 30, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. R. S. TUTHILL, Judge, presiding.

Messrs. ABBOTT & BAKER, for appellant.

"A city is not required to have its sidewalks so constructed as to secure immunity from injury in using them; nor is it bound to employ the utmost care and exertion to that end. Its duty, under the law, is only to see that its sidewalks are reasonably safe, and reasonably safe for persons exercising ordinary care and caution in using them." City of Chicago v. McGiven, 78 Ill. 347.

There is not a word of evidence in the record of this case tending to show that the covering to the cellarway in question was not well and securely built, or that the sidewalk and covered cellarway was in an insecure or defective condition. On the contrary, the evidence shows that the sidewalk and cellar were in perfect condition, having been reconstructed a very short time prior to the accident. It has been held repeatedly in this State that a city or village is not an insurer against accidents. It is bound only to the exercise of reasonable prudence and diligence in building sidewalks. It is not required to anticipate every possible accident that may occur. It is only required to keep its sidewalks in a reasonably safe condition for the accommodation of the public. City of Chicago v. Glanville, 18 Ill. App. 308; City of Macomb v. Smithers, 6 Ill. App. 470; City of Chicago v. Bixby, 84 Ill. 82; City of Chicago v. McGiven, 78 Ill. 347.

To assert that the sidewalk in question was not in a reasonably safe condition, is to assert that every sidewalk in which an opening has been cut for an area or entrance to a basement, however carefully protected, is dangerous to the safety of pedestrians, because an accident is possible either by tripping, as in this case, or falling into an area, or down the steps of a basement, by making a misstep.

Again, the evidence shows that the accident occurred in one of the principal streets of the village, where great numbers of people are accustomed to pass and repass. It does not appear that the sidewalk was ever complained of or pronounced dangerous by any one. No actual notice of the dangerous condition of the sidewalk at that place was ever given to the board of trustees of the village. No attempt was made to prove such notice in any way. Appellee was compelled to rely upon constructive notice, from sheer inability to prove actual notice. To charge the municipal authorities of the village of Evanston with constructive notice of the defect in the sidewalk, if it was one, such defect must have existed for such a length of time that the village could have, by the exercise of reasonable diligence, discovered and remedied such defect. City of Chicago v. Crooker, 2 Ill. App. 280; City of Chicago v. Wood, 24 Ill. App. 40; City of Chicago v. Watson, 6 Ill. App. 344.

Messrs. ELA & GROVER and B. N. FREEMAN, for appellee.

MORAN, J. The judgment appealed from was recovered by appellee against appellant for an injury received on one of the sidewalks of the village.

Appellee, who was aged nineteen, with two companions, young girls, were attending a meeting at a public hall in the village, the entrance to which was on Benson avenue near the corner of Davis street, and between eight and nine o'clock came out of the hall and went toward Davis street on the sidewalk. The night was dark and there were no lights, and in walking along appellee tripped her foot against a trap door that was built in the sidewalk and was raised above the surface of it, and was thereby thrown upon the sidewalk, striking upon her left side, and injured in such a manner as to cause inflammation of the hip joint.

On the trial the jury awarded her a verdict of $7,000, from which $2,000 was remitted, and judgment rendered for $5,000. The main contention of appellant on this appeal seems to be that the trap door in the sidewalk against which appellee tripped was not a dangerous obstruction.

Village of Evanston v. Fitzgerald.

Whether it was a dangerous obstruction or not is a question of fact and not of law. As such its determination was for the jury. That from the evidence in the case they were warranted in finding it a dangerous obstruction, is very clear. The evidence tended to show that the village has some 10,000 inhabitants; that Benson avenue and Davis street is a central point, and both said streets are leading business streets and much traveled; that along the side of the building from the entrance to the hall on Benson avenue to the corner of Davis street the sidewalk is some nine feet in width, the inside of it being close against the side of the building; that about twenty feet toward Davis street from the hall entrance the trap door in question extended out into the walk about three feet and eight inches, and raised above the sidewalk some four inches, at the outer edge, and raising higher toward the building. There thus extended over more than one-third of the width of the sidewalk an obstruction against which any person passing over the walk in the darkness might trip. It was in evidence that several persons passing over this walk had tripped upon the same obstruction. The walk was shown to have been in the same condition with reference to this obstruction for a period of some considerable time prior to the accident to appellee, and if the obstruction was dangerous in fact, there was evidence which warranted the conclusion that it had existed for sufficient time to have charged the village authorities with notice. The question of whether appellee was at the time of the accident in the exercise of ordinary care, was also a question for the jury, and their finding on it is, under the circumstances shown in the record, conclusive on this court.

Counsel strenuously contend that the verdict rendered by the jury was so excessive as to show passion and prejudice on their part. We are unable to agree with counsel in this contention. The evidence tends to show that appellee was confined to her bed in the hospital for some seven weeks; that she suffered great pain; that there is a permanent stiffness of the hip joint; that the leg can not be straightened down but is drawn so as to be apparently shorter, which will

always cause a limp in walking; that from the time of the injury up to the trial she had been unable to walk without a crutch; that prior to the accident she had always enjoyed good health, and that she was dependent upon her own labor for her support, and was able to earn at her trade (that of dressmaking) $1.50 per day; that since the injury she is very feeble, and unable to do work of any kind, and will probably never be able to resume her former occupation.

In view of such elements of damage, we are unable to say that the verdict of the jury was so excessive as to require this court to interfere with it, on the ground that the jury in reaching such a verdict must have acted from prejudice or partiality. To avoid the danger of having the damages considered excessive, appellee's counsel voluntarily remitted $2,000, and the judgment as it stands has the approval of the trial judge. It is settled in this State that an excessive verdict may be cured by a *remittitur.* Thomas v. Fisher, 71 Ill. 576; McCausland v. Wonderly, 56 Ill. 410.

Counsel make no complaint of instructions, and urge no error of law. The only questions arising on the record are questions of fact, and upon such questions the finding of the jury is fully supported. The motion made in this court to strike out the additional record is denied.

The judgment will be affirmed.     *Judgment affirmed.*