## LINCOLN ICE COMPANY

### v.

## PETER JOHNSON.

*Master and Servant—Negligence of Servant—Personal Injury to Third Person—Master's Liability—Evidence—Instructions—Damages.*

1. The question of negligence is for the jury under proper instructions by the court.

2. An instruction taking from the jury the question as to what was ordinary care in a given case, should be refused.

3. The court may inform the jury that a fact in evidence establishes negligence as a matter of law, where the conclusion of negligence necessarily results from the statement of fact.

4. In personal injury cases the amount of damages is peculiarly within the province of the jury, and this court will not ordinarily interfere with their finding in that regard.

[Opinion filed December 11, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. M. A. DeLANY and W. H. MOHRMANN, for appellant.

Messrs. BARNUM, EVANS & BARNUM, for appellee.

WATERMAN, J. This was an action for personal injuries, received by being run over by one of appellant's wagons. Whether the plaintiff was at the time of the injury in the

exercise of ordinary care for his own safety, and whether his negligence, if any, was slight as compared with the negligence of the defendant, and that of the defendant was gross, were questions for the jury under proper instructions from the court. An examination of the evidence reveals no sufficient reason for interfering with their conclusion as to those matters.

It is insisted the eleventh instruction asked for by appellant should have been given. The vice of this instruction is that it assumes that certain described conduct constitutes a want of ordinary care, thus taking from the jury the determination of the question of what ordinary care under the circumstances would be.

It is. only where the conclusion of negligence necessarily results from the statement of fact, that the court can be called upon to say to the jury that a fact establishes negligence as a matter of law. Chicago & Eastern Illinois Ry. Co. v. Connor, 119 Ill. 586; Chicago City Ry. Co. v. Robinson, 127 Ill. 12; Terre Haute & Indianapolis Ry. Co. v. Velker, 129 Ill. 540.

What, under the circumstances stated, would be ordinary care, might depend upon circumstances not mentioned in the eleventh instruction.

Appellant's twelfth instruction, omission to give which is complained of, in stating the elements entering into the damages recoverable, entirely omitted any consideration of the pain and suffering of appellee consequent upon the injury. Village of Sheridan v. Hibbard, 119 Ill. 307; Pierce v. Millay, 44 Ill. 189.

As to the amount of the verdict it is not so excessive as to call for action by this court. The amount of the damages to be awarded in this class of cases is a matter peculiarly within the province of the jury, and where the judge who has presided at the trial heard the witnesses testify, and knows all the steps by which the result attained was reached, as this court can not know, has seen fit to give judgment, the case must present peculiar features and be clear, wherein we will, in such an instance, overrule the conclusions of the court below.

*Judgment affirmed.*