# CITY OF CHICAGO

## V.;

# WILLIAM N. EDSON.

*Master and Servant—Negligence of Master—Falling Window—Evidence—Instructions—Practice.*

1. Error without injury is no ground for reversal.

2. An instruction trenching upon the province of the jury, either by direct or implied assumptions of fact, or by describing what particular acts constitute care, or its reverse, should not be given.

3. The presumption in a personal injury case is that the servant injured knew nothing of the dangers of the premises in which he was employed, in the absence of proof to the contrary.

4. A party is not ordinarily entitled to a new trial upon the ground of newly discovered evidence, unless he shows that the same is material and of a controlling and conclusive character.

5. It seems that upon a motion for a new trial, affidavits being filed, counter affidavits should not be received.

6. Where no objection is made to evidence when offered, an objection touching the same can not be considered upon appeal.

7. Under the allegation of expenses, proof of liabilities incurred is admissible.

8. Although the plaintiff in a personal injury case is working, when injured, for a given salary, in estimating his pecuniary loss, evidence of his capacity to earn more money in another employment for which he was fitted, is competent.

[Opinion filed December 7, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. JACOB J. KERN, City Attorney, and E. S. BOTTUM, for appellant.

Messrs. W. S. JOHNSON and H. H. MARTIN, for appellee.

GARY, J. This is an action for negligence by the appellee against the city, in which he recovered.

The city asked thirteen instructions, assigned twenty-six reasons for a new trial, and assigns twenty-one errors here. Such a mass of matter beclouds a case. Harding v. Sandy, 43 Ill. App. The appellee worked for the city as a fireman in the boiler room in the city hall, for $60 per month. He was less than forty years of age, and had been a locomotive engineer for eleven years, at which employment he could earn much higher wages. He has suffered a great deal of pain, and is helpless for the remainder of, probably a very short residue of life. The jury assessed the damages at $25,000; the court required a *remittitur* of $9,000, and entered judgment for $16,000. The damages for which judgment was entered can not be said to be excessive (C. & E. I. R. R. Co. v. Holland, 18 Ill. App. 418; C. & A. R. R. Co. v. Fisher, 38 Ill. App. 33); and if $25,000 was too much, the *remittitur* removes the objection. Village of Evanston v. Fitzgerald, 37 Ill. App. 86.

In the boiler room were four windows. Through three of them, some time before the accident to the appellee, flues to the boilers had been put out and taken in, and it seems that the frames of those windows were thereby loosened and they were taken out altogether. Then from the 23d to the 27th of January, 1890, forty-four flues, weighing from eighty to one hundred pounds each, were put out and taken in through the other window.

That window was nine feet high, five feet seven inches wide, the bottom ten feet six inches from the floor, the frame of hard wood; the top and one side of the frame weighing about twenty pounds; and about three o'clock in the morning of January 29, 1890, they fell on the appellee while he was attending to his work. Nothing had been done to that window since the flues had been put through it. Even if *a priori* it could not be anticipated that putting, probably sliding, those flues over the window sill, would loosen the frame, experience with the other windows was notice of the probable result. Upon the instructions the only action of the court open to criticism was in giving this: "If those in charge of the building permitted the window in question to be used for a purpose which was unusual and was liable to loosen the frame

or to render it unsafe, then you are instructed that the law in that case required those having charge of the building to at once look after said window and see what condition it was in, and if they failed to do so and the window was in an unsafe condition and this caused the accident, and the plaintiff was at the time of the accident exercising ordinary care, then the defendant is liable."

Under the stringent rules established in this State as to the court trenching upon the province of the jury, either by direct or implied assumptions of fact, or by describing what particular acts constitute care or its reverse, this instruction is objectionable; first, in assuming that putting the flues through the window was unusual and liable to loosen the frame, or to render it unsafe; and second, if that use was so liable, then that the duty followed, whether such liability was known to the city employes or not, to at once look after the window. I. C. R. R. Co. v. Zang, 10 Ill. App. 594; Lincoln Ice Co. v. Johnson, 37 Ill. App. 453; C. & N. W. Ry. v. Bouck, 33 Ill. App. 123. Nor can the vices in the instruction be fairly said to be cured by the correct, general instructions given on the subjects of care, negligence and pure accident. Here was an instruction which described the particular facts, the facts themselves being beyond reasonable question established by the evidence, upon which the appellee was entitled to recover, leaving for the jury to consider only whether he was exercising care, and if so, the damages. But vicious as the instruction is, is it open to conjecture even that it did any harm? That the verdict would not have been the same, without as with it? That such use of the window was not using it as a window, was unusual, and was liable to loosen the frame and render it unsafe, is clear, and by previous experience with other windows, the city had notice of such liability.

The obligation to repair defects after notice is not in question; the defect was of the city's own creation, and the liability grows out of the creation of the defect, as in the case of a defect in original construction, and not merely out of neglect to repair. C. & E. I. R. R. Co. v. Hines, 33 Ill. App. 271; 132 Ill. 161; Pfeifer v. Town of Lake, 37 Ill. App. 367.

If, therefore, in the most careful hypothetical way, it had been left to the jury to say whether the city, with notice of the probable result, had done what made the window frame a peril to those working below, they must have found affirmatively. That error without harm is no cause for reversal has been often decided. Carter v. Carter, 37 Ill. App. 219.

The city moved for a new trial, partly upon newly discovered evidence. Two affidavits were filed, stating that the affiants, at about the time of the accident, were in the boiler room, were introduced by the assistant of the appellee, to him, and then while that assistant was out of the room, the appellee showed them in what condition of danger the window frame was. That the window had been in bad condition and repaired shortly before the flues were put through it, is in evidence. The affiants did not know the appellee, and could only say that they were introduced to a man of his name. He was cross-examined as to his knowledge of the condition of the window, and denied that he knew anything of it after it was repaired. The city tried on the trial to prove that, after the flues were put through, it was still safe. The presumption in the absence of proof to the contrary, is that he knew nothing of the danger. C. & E. I. R. R. Co. v. Hines, 132 Ill. 161.

If the testimony of these affiants were in the case, the verdict as it is could not be disturbed, because against it, and it is not, therefore, of that conclusive character that a new trial should be granted to let it in. Schoenfeld v. Brown, 78 Ill. 487; Champion v. Ulmer, 70 Ill. 322.

The court received counter affidavits. This practice seems to be disapproved by the Supreme Court. Protection Life Insurance Co. v. Dill, 91 Ill. 174; Wray v. People, 70 Ill. 664; Mendell v. Kimball, 85 Ill. 582. But see Reed v. Curry, 35 Ill. 536, and Bowman v. Bowman, 64 Ill. 75.

It is urged that the evidence as to the effect upon the frames of the three other windows, by putting flues through them, was wrongly admitted for want of proof of the similarity of condition of them and the window of which the frame fell on the appellee. The fact that there was nothing in the case hinting that all the windows in the one great room were

not alike, was enough to warrant the presumption that they were not unlike. If there was any irregularity ·in admitting evidence of unpaid doctor's bills, and wages as locomotive engineer, such evidence only went to the amount of damages, and probably was not thought of in fixing them.

It is true as to the doctor's bills, that they were reasonable, was not proved, but counsel made no such point when the evidence was offered, and it is now too late. Chicago, P. & St. L. Ry. Co. v. Nix, 27 N. E. Rep. 81; N. C. St. Ry. Co. v. Cotton, No. 4062 this .court.

Under the allegation of expenses, proof of liabilities incurred is admissible. Richardson v. Chasen, 10 A. D. & E. N. S. 756.

Although appellee was at the time of the accident at work for the city at $60 per month, yet in estimating his pecuniary loss, evidence of his capacity to earn money in any other employment for which he was fitted was competent. 2 Thompson on Negligence, 1257.

On the whole case, it is clear that the appellee would always recover, and the judgment is affirmed.

*Judgment affirmed.*