## Jenkins & Reynolds Co. v. Herman F. Lundgren.

1. STATUTE OF FRAUDS—*Collateral Promises.*—The test whether a promise is direct or collateral is whether the credit was given to the person making the promise or to a third person.

2. SAME—*Where Credit is Given to the Promisor.*—Where the credit is alone given to the promisor the statute does not apply; it only affects verbal promises for the payment of the debt, default or miscarriage of another person.

Assumpsit, on promises. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed November 7, 1899.

**Statement.**—This is an action wherein the appellant, a corporation, seeks to recover upon an alleged verbal promise by the appellee, to the effect, as stated in a special count of the declaration, that if, at his request, appellant would sell and deliver to a third party certain pressed brick, to be used in a house then being built by appellee, he " would see that the said plaintiff (appellant) was paid therefor." It is alleged that appellant did thereupon sell and deliver said brick at appellee's premises on the order of said third party. The declaration also contains the common counts.

To this declaration appellee pleaded the general issue, and also pleaded that the alleged contract being to answer for the debt of another, and verbal, is void by the statute of frauds.

The case has been twice tried. In the trial now appealed from no evidence was offered on the part of appellee, but the jury found in his favor, as had been the result at the previous trial.

J. A. COLEMAN, attorney for appellant.

DEO C. KREIDLER, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

The promise set forth in the declaration is that appellee " would see that " the brick was paid for. This is not a clear and express promise to actually pay for them himself.

Jenkins & Reynolds Co. v. Lundgren.

Its meaning may have been that he, as owner of the premises upon which the house was being erected, would see that the brick was paid for, either by the contractors who signed the order for it, or out of money which would be due them as contractors from appellee.    It is not literally an absolute promise to pay the debt himself.

It appears that subsequently appellant sent to appellee a notice of lien, and that appellee called and stated that he had overpaid the contractors, but offered to pay appellant a part of its demand, and share the loss.    His offer was refused, appellant's manager telling him the company wanted the full amount.    It appears from the evidence of appellant's witnesses that the account was sent both to the contractors and to appellant, for the reason, as stated by the witness, that it was " customary to send a notice to the owner as well as to the contractor."

It is contended in behalf of appellant that the promise declared on in this declaration is original and not merely collateral.    In Hartley Bros. v. Varner, 88 Ill. 563, cited by appellant's counsel, there was testimony that Varner, the appellee in that case, told one Hartley that if the latter's firm would sell a third party goods he " would see it paid." There was also additional testimony of an agreement to become responsible, one witness stating that Varner told him (the witness) that he had authorized the Hartleys to sell goods to the third party, " and he would stand good for the same and pay for them if Reubottom did not."    Here was evidence of an express promise, and the court held it original, not collateral, and hence unaffected by the statute of frauds.

In Berkowsky v. Viall, 65 Ill. 349, the promise by an owner to one furnishing materials to a contractor who was putting up a building for such owner, was, " You go on and furnish the necessary materials to finish the building and I will see that you get your money for what you put in here." It was held that the promise was original and the owner liable for material thereafter furnished.

Whether the promise declared on in this case be considered a promise by appellee to pay for the brick himself,

or not, it does not appear from the evidence that credit was actually given to appellee. The order for the brick was signed, not by appellee but by the contractors, and a statement of account was made out by appellants against the contractors, jointly with the appellee. This indicates that credit was not given solely to appellee as the original debtor. In Schoenfeld v. Brown, 78 Ill. 487–489, it is said:

"The test in such cases is, whether the promise is direct or collateral; and the most ready means of solving the question is whether, in such cases as the present, the credit was given to the person making the promise, or to a third person. Where the credit is alone given to the promisor, then the statute can not have any operation, as it only affects verbal promises for the payment of the debt, default or miscarriage of another person."

In the present case the credit clearly appears not to have been given to the appellee alone. The jury having found in favor of appellee we are not warranted by the evidence in disturbing their verdict.

It is urged by appellant that the court instructed the jury orally. The so-called oral instruction was to the effect that if they found for the plaintiff their verdict should be for the sum claimed, and if they should find for the defendant, their verdict should be for the defendant. We regard this as a mere explanation as to the form of the verdict, and not such an instruction as, under the statute, is required to be in writing.

It is urged that the court erred in refusing to give certain instructions as requested by appellant.

The refused instructions told the jury that if they believed certain things from the evidence "then the law is for the plaintiff, and the jury will so find." The jury were not required to find the law. It was their province to pass upon the facts. No other instructions appear to have been requested, and those refused were not pertinent to the issue raised by the plea setting up the statute of frauds. We regard some of them as erroneous in other respects.

We find no reason to interfere with the verdict of the jury and the judgment of the Superior Court, and said judgment is therefore affirmed.