### Elias Miller v. Edwin Potter, Receiver, etc.

1. VERDICTS—*On Conflicting Evidence, Conclusive on Questions of Fact.*—A verdict upon conflicting evidence is, in general, conclusive on questions of fact.

2. NEW TRIALS—*Not to be Granted for Cumulative Evidence.*—Where newly discovered evidence is merely cumulative and not conclusive in character, it is not sufficient to justify the court in awarding a new trial.

3. SAME—*On Newly Discovered Evidence.*—It is not enough to justify the granting of a new trial on account of newly discovered evidence, that another trial with such evidence presented would probably result differently.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed June 23, 1902.

JOHN C. TRAINOR, attorney for appellant.

MORRISON & BETHEA, attorney for appellee.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

Appellant, claiming to have been injured by being struck by an electric car of the Calumet Electric Street Railway Co., which, it is alleged, ran off the track by reason of the negligence of the motorman and because of the defective condition of the rails, brought suit against the receiver of the company, the appellee. A trial before the court and a jury resulted in a verdict finding the defendant not guilty, and judgment thereon, which is sought to be reviewed by this appeal.

The principal contest on the trial was as to whether appellant was struck by the car, as he claimed, on which there was a sharp conflict in the evidence. Appellant testified that he was struck by the fender of the car on the legs and knocked down. No witness on his behalf testified to this fact, none of them seeing the alleged accident. Six witnesses called by appellant, however, testified to divers matters tending to corroborate appellant on this point, which it is unnecessary to set out in detail.

For appellee the motorman, who was on the car and running it at the time, testified that the fender did not strike appellant, nor did anything connected with the car or fender, or falling from it. He is directly corroborated by two witnesses; one of them was a passenger on the car, and the other was on the sidewalk within twenty-five feet of the place where the car left the track; also is indirectly corroborated by another passenger who was, at the time, on the rear platform of the car. Their evidence need not be set out. We have read all the evidence with care, in the light of counsel's argument, but are of opinion that in view of the conflict we would not be justified in disturbing the finding of the jury; it is not clearly against the weight of the evidence; that a verdict for appellant could not, for the same reason, be set aside.

Complaint is made of appellee's seventh instruction, which, in substance, tells the jury that if they believe from the evidence that neither the car, fender, nor anything belong-

Miller v. Potter.

ing to the defendant or connected with the car struck plaintiff, then they should find the issues for defendant. We see no objection to the instruction.

The only other claim is that a new trial should have been granted because of newly discovered evidence, which is set out in numerous and voluminous affidavits read on the hearing of a motion for a new trial, as were also affidavits which it is claimed show proper diligence of appellant.

These affidavits, which take up twenty-four pages of the abstract, we have also read, and think that the learned trial judge did not err in overruling the motion for new trial by reason thereof.

The alleged newly discovered evidence is merely cumulative, and by no means conclusive in character, and was, therefore, insufficient to justify the court in awarding a new trial.  Adams v. People, 47 Ill. 376; Schoenfeld v. Brown, 78 Ill. 487; Conlan v. Head, 172 Ill. 13, and cases cited.

Only one of the new witnesses claims to have seen the plaintiff struck, while three others claim to have seen him at or near the scene of the accident immediately after it occurred, but do not swear that he appeared to be injured. Another of the new witnesses swears to a conversation with the motorman early in May after the accident, which was in April, in which he says, in substance, that the motorman admitted that plaintiff was injured by the car and would have been killed but for a telephone pole.

Newly discovered evidence, which is merely for impeachment, is not sufficient to justify a new trial.  Grady v. People, 125 Ill. 122; Monroe v. Snow, 131 Ill. 126–37.

The effect of this testimony would only be to strengthen plaintiff's case, and probably might result in a verdict in his favor, but not to make his right of recovery conclusive. It is not enough to justify the granting of a new trial on account of newly discovered evidence, that another trial, with the new evidence presented, would probably result differently.

The judgment of the Circuit Court is affirmed.