# JOSIAH D. DUNNING

*v.*

# WILLIAM P. WEST, Treasurer, etc.

1. TAXES—*estoppel to deny that party's taxes were delinquent.* On appeal from a judgment of the county court against the land of the appellant for delinquent taxes, it was stipulated in open court that the tax book and warrant were legally made; that the amount of the tax assessed on such land was returned delinquent; that all the proceedings of the county treasurer were in due form of law, and that all the proceedings in the county court were legal. The collector, during the life of the warrant, called upon the appellant for the tax, and he promised to attend to it, but did not, and refused after the warrant had expired. It was also proved that appellant had personal property out of which the tax could have been made: *Held,* that even conceding the tax was not delinquent, the appellant was precluded from making this defense to the rendition of judgment because the evidence tended to show that he prevented a levy by his own conduct, and also by reason of his stipulation as to the correctness of the proceedings and judgment in the county court.

APPEAL from the Circuit Court of Kane county; the Hon. SILVANUS WILCOX, Judge, presiding.

Mr. J. D. DUNNING, *pro se.*

Messrs. MAYBORNE & BROWN, for the appellee.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This was an application by the treasurer to the county court of Kane county for judgment against certain real estate of appellant, for taxes assessed thereon, and which had been returned by the collector as delinquent. Judgment was rendered in that court for the amount, and an appeal taken by the owner to the circuit court. On the hearing in the latter court, it was stipulated by the parties, in open court, that the tax book and warrant were legally made; that the amount of the tax and interest was $223.90 and returned as delinquent;

that all the proceedings by the county treasurer were in due form of law; that judgment was rendered at a regular term of the county court with full authority, and all the proceedings in said county court were legal. It appeared that in the life of the warrant the collector called on appellant for this tax and he promised to attend to it, but did not, and when the warrant expired refused to pay it. Appellant proved that there was personal property belonging to him on the premises, out of which the amount might have been made. The circuit court gave judgment in favor of the treasurer and against the land for the amount admitted to be due and unpaid, and the owner brings the case to this court by appeal, and assigns for error the rendition of the judgment, when it was shown that there was sufficient personal property out of which the tax might have been made, and urges that because the collector did not seize such personal property by virtue of his warrant, no judgment can be rendered against the real estate. This defense comes with ill grace from appellant after inducing the collector to believe that he was going to pay the tax, and thus refrain from levying upon the personal property during the life of the warrant. But even conceding that the position of appellant that these taxes could not be regarded as delinquent, because of the fact that he had personal property out of which the collector could have made the amount, might be tenable under certain circumstances, still we are of opinion that appellant can not be permitted to avail himself of it under the circumstances of this case, because it is a fair tendency of the evidence that appellant prevented the levy by his own conduct, and because he precluded himself from raising any such question by his stipulation as to the correctness of the proceedings and judgment of the county court.

The judgment will therefore be affirmed.

*Judgment affirmed.*