## CITY OF CHICAGO
### v.
### SENIOR L. WATSON.

1. CITIES — SIDEWALKS.—A municipal corporation is not an insurer against accidents to individuals upon its streets and sidewalks, nor is it liable for every defect therein, though such defect may be the cause of the injury complained of.

2. CITY HELD ONLY TO REASONABLE DILIGENCE.—A municipal corporation is only bound to exercise reasonable diligence in keeping its streets and sidewalks in a reasonably safe condition.

3. NOTICE OF DEFECT.—The basis of the action being negligence, it is essential that the corporation should have notice of the unsafe condition of the sidewalk, or facts must be shown from which such notice may reasonably be inferred, or that the officers of the corporation might, by the exercise of ordinary care and diligence, have known of its unsafe condition.

4. PLAINTIFF MUST NOT BE NEGLIGENT.—It must be shown, in an action for an injury occasioned by a defective sidewalk, that the plaintiff, at the time the accident occurred was in the exercise of ordinary care and diligence on his part to avoid the injury.

5. DAMAGES.—An instruction which specifies four elements of damage, and in effect tells the jury that if the evidence proves any one of them, damages may be allowed for all, is erroneous.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding. Opinion filed May 25, 1880.

This was an action on the case brought by appellee against appellant, to recover damages for personal injury to the former, occasioned by reason of the latter having wrongfully and negligently suffered the sidewalk upon a portion of Third Avenue in the city of Chicago, to be and remain in a bad and unsafe condition, and divers planks wherewith such sidewalk was laid, to

City of Chicago v. Watson.

be and remain broken and unfastened, by means whereof, etc., the plaintiff then and there passing thereon, tripped, stumbled and fell, etc.

There was a contrariety of evidence as to the condition of such sidewalk at the time; and although the accident occurred in the night time, evidence was given by the defendant tending to show that the place where it was alleged to have happened was lighted by a street lamp.

The court, on behalf of the plaintiff, gave to the jury the following instructions:

"The jury are instructed that the city of Chicago has control of the sidewalks of the city, and it is the duty of the city to keep them in repair; and if the jury believe from the evidence that the sidewalk in front of the premises, number 190 Third Avenue, in said city, was defective, and that such defect had existed before the accident for such a length of time that by the exercise of ordinary care and diligence the city might have discovered and repaired the same, but that it did not do so, then the city would be guilty of negligence, and would be liable for any injury which was the natural and proximate result of such negligence.

"If the jury believe from the evidence that at the time of the accident there was a hole in the sidewalk in front of premises number 190 Third Avenue, in the city of Chicago, and that a reasonable time had elapsed during which the city, by the use of due diligence might have learned of such hole and have repaired the same, but that it failed to do so; and if the jury further believe from the evidence that the plaintiff in the evening, after dark, was walking with ordinary care and diligence on said sidewalk, and had no knowledge of the hole being there, and did not see it; and if the jury further believe from the evidence that by reason of such hole the plaintiff sustained injuries, then the city would be liable for such injuries.

"If the jury under any one of the previous instructions find the defendant guilty in assessing the plaintiff's damages they may take into consideration as proper elements, the loss of time, expense incurred in being cured, pain and suffering

undergone, and permanent injury, if any of these elements the jury believe from the evidence the plaintiff has sustained or undergone."

To the giving of each and all of which instructions the defendant, by its counsel, then and there excepted.

The jury found the defendant guilty, and assessed plaintiff's damage at one thousand dollars. The court, overruling defendant's motion for a new trial, gave judgment on the verdict, and the defendant brings the case to this court by appeal, and, amongst other things, assigns the giving of said instructions for error.

Mr. B. M. SHAFFNER, for appellee; that the instructions are good, cited Chicago v. McCarthy, 75 Ill. 602; Elgin v. Renwick, 86 Ill. 498.

Where the instructions taken as a whole, state the law accurately, an omission in one that is supplied in another is no error: Van Buskirk v. Day, 32 Ill. 260; Morgan v. Peet, 32 Ill. 281; Yundt v. Hartrunft, 41 Ill. 9; Town of Vinegar Hill v. Busson, 42 Ill. 45; Ill. Cent. R. R. Co. v. Swearingen, 47 Ill. 206; Stowell v. Beagle, 79 Ill. 525; Durham v. Goodwin, 54 Ill. 469; Lawrence v. Hagerman, 56 Ill. 68; Latham v. Roach, 72 Ill. 179; Nor. Line Packet Co. v. Binninger, 70 Ill. 571; T. W. & W. R'y Co. v. Ingraham, 77 Ill. 309.

A party cannot assign for error that which he himself has asked the court to do: Clemson v. State Bank, 1 Scam. 45.

It is not necessary that each statement of an instruction should be preceded with "if you further believe from the evidence": T. W. & W. R'y Co. v. Lockhart, 71 Ill. 627; Belden v. Woodmansee, 81 Ill. 25; Gizler v. Witzel, 82 Ill. 322.

Plaintiff need not show affirmatively that he was using ordinary care: Elgin v. Renwick, 86 Ill. 498; Hutchinson v. Collins, 90 Ill. 410.

A new trial will not be granted for newly discovered evidence which is cumulative or impeaching in its nature: Wright v. Gould, 73 Ill. 56; Kendall v. Limberg, 69 Ill. 355; Knickerbocker Ins. Co. v. Gould, 80 Ill. 388.

City of Chicago v. Watson.

Mr. C. A. KNIGHT, for appellee; that the first instruction for plaintiff is erroneous, because it leaves out the question of contributory negligence on the part of appellee, cited C. B. & Q. R. R. Co. v. Harwood, 80 Ill. 88; C. & A. R. R. Co. v. Mock, 72 Ill. 141; C. & A. R. R. Co. v. Murray, 62 Ill. 326; C. B. & Q. R. R. Co. v. Griffin, 68 Ill. 499; Wabash R'y Co. v. Harks, 91 Ill. 408.

Instructions which assume to be complete, must state all the facts which under the law entitle a party to recover: St. L. & S. E. R'y Co. v. Butz, 72 Ill. 256; Evans v. George, 80 Ill. 51; Cushman v. Cogswell, 86 Ill. 62; Ogden v. Kirby, 79 Ill. 556.

It was incumbent upon appellee to show no want of care on his part: C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510; R. R. I. & St. L. R. R. Co. v. Coultas, 67 Ill. 398; C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576; President, etc. v. Carter, 2 Bradwell, 35.

If one knowingly exposes himself to danger which can be avoided, he cannot recover for injuries sustained: Bloomington v. Reed, 2 Bradwell, 54; Lovenguth v. Bloomington, 71 Ill. 238; Sinclair v. Berndt, 87 Ill. 176; L. S. & M. S. R. R. Co. v. Berlink, 2 Bradwell, 427.

There was no evidence on which to base a portion of the instruction as to damages: Alexander v. Town of Mt. Sterling, 71 Ill. 366; Herrick v. Gary, 83 Ill. 85; Bradley v. Parks, 83 Ill. 169.

McALLISTER, J.   The law does not regard the corporate duties of the city of Chicago as placing the corporation in the position of insurer against accident to individuals upon its streets and sidewalks, or require any absolute degree of perfection in respect thereto.   Hence it follows that it is not liable for every defect therein, though such defect may be the cause of the injury sued for.   In the absence of any acts of positive misfeasance on the part of the corporation, its officers, servants, or others acting under its authority, within the scope of its powers, it is responsible only for the exercise of reasonable diligence in keeping its streets and sidewalks in a reasonably safe condition for travel in the ordinary modes, by night as well as by day, by any person in the exercise of reasonable or

ordinary care to avoid accidents. It is liable to a person so in the exercise of reasonable or ordinary care for an injury received by reason of the bad and unsafe condition of a sidewalk as well when those defects are caused by the wrongful acts of others, as when they are the mere result of the neglect of the corporation itself; but in such cases the basis of the action being negligence, it is essential to a cause of action that the corporation had notice of the defective and unsafe condition of the street or sidewalk which caused the injury, or facts to be shown from which such notice may reasonably be inferred; or that proof be given of such circumstances pertaining to such unsafe condition as that the corporation, or its officers having authority to act respecting it might and ought, by the exercise of reasonable diligence, to have known of it, on the principle that having the means of knowledge and negligently remaining ignorant, is equivalent, in creating a liability, to actual knowledge.

Keeping in view the propositions that this municipal corporation is not an insurer against accidents upon its streets or sidewalks; that the law does not impose upon it the duty of keeping them in a perfect condition, and to that end requires the exercise of only reasonable diligence, and that, therefore, the corporation is not liable for every defect in its streets (which include sidewalks), though such defect may have caused the injury sued for, let us test the correctness of the instructions given by the court to the jury on behalf of plaintiff.

The first proposition contained in the first of these is, "that the city of Chicago has control of the sidewalks of the city, and it is the duty of the city to keep them in repair." It will be perceived that this proposition excludes the idea that the city is subject only to the duty of exercising reasonable diligence in that behalf; also, that such diligence is to be extended only to keeping them in a reasonably safe condition, as above stated, and would convey to the minds of the jury that the character of the duty thus defined was an absolute one, in the nature of a guarantee that the sidewalks should be kept free from all defects; when, as we have before stated—and it is undoubted law—the city is not liable for every defect, though it may have

caused the injury complained of. The error of this instruction is more apparent from what follows: "and if the jury believe from the evidence, that the sidewalk in front of premises number 190 Third Avenue was *defective*, and such *defect* had existed," etc. Here the hypothesis of a defect which rendered the sidewalk unsafe and dangerous is wholly omitted, thus still further tending to mislead the jury to the conclusion that the duty imposed by law upon the city was to keep its sidewalks absolutely free from all defects of whatever nature.

The same error extends to the second instruction: "If the jury believe from the evidence that at the time of the accident there was a *hole* in the sidewalk in front of premises number 190 Third avenue, in the City of Chicago, and that a reasonable time had elapsed during which the city, by the use of due diligence, might have learned of such *hole*," etc. Here again is a total absence of any hypothesis as to the size or character of the hole, or whether it rendered the sidewalk dangerous.

The first instruction wholly omits to submit to the jury the question of fact whether plaintiff was at the time in the exercise of reasonable or ordinary care on his part. By the authorities cited by appellant's counsel, that was necessary. The counsel for appellee admits this as a general rule, but says it was unnecessary here, because that instruction says, "and would be liable for any injury which was the natural and proximate result of such negligence." If it had said, "which was *wholly* the natural and proximate result," the words might be regarded as excluding all contributory negligence on the part of the plaintiff.

Appellee's counsel further insists that all the several defects in the instructions given on behalf of his client are supplied by those given on behalf of defendant. The counsel has effectually precluded himself from resorting to the instructions for the opposite party to help out the defects of his own.

After the two instructions for plaintiff above adverted to, was a third, which is: "If the jury, *under any one of the previous* instructions, find the defendant guilty, in assessing the plaintiff's damages they may take into consideration as proper elements the loss of time, expense incurred in being cured,

pain and suffering undergone, and permanent injury, if *any*, of these elements the jury believe from the evidence the plaintiff has sustained or undergone." This instruction limits the consideration of the jury to the instructions given on behalf of the plaintiff, and is erroneous in two particulars. If it said anything about the instructions or evidence, it should have been that if the jury found the defendant guilty, under the evidence and instructions in the case, then the measure of damages was so-and-so. But here specific attention is called to the instructions on the part of the plaintiff; then, after specifying four elements of damages, it tells the jury, in effect, that if the evidence proves any one of them, they may allow for all. Besides, there was no evidence at all as to any amount of expense incurred. The judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.