## THE WIGHT FIRE PROOFING COMPANY
### v.
### PETER ROCZEKAI, FOR USE, ETC.

*Personal Injuries—Negligence—Question for Jury.*

1.   It is the province of the jury to draw inferences from the facts in evidence; and if the evidence tends to support the theory of the plaintiff, whether it is sufficient is a question for the jury.

2.   It is proper to strike out part of an abstract proposition contained in an instruction where what remains does not tend to mislead.

3.   In an action to recover damages for a personal injury alleged to have been caused by the negligence of the servants of defendants who were working on the same building, this court sustains a judgment for $2,000 for the plaintiff.

[Opinion filed February 13, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. WM. ELIOT FURNESS, for appellant.

No appearance for appellee.

MORAN, J.   This was an action by appellee to recover damages for an injury which he sustained through the alleged negligence of the servants of appellant.   There was a trial by the jury, a verdict in favor of appellee, judgment thereon, and the case is brought to this court by appeal.

It is admitted by the counsel for appellant that appellee was himself in the exercise of ordinary care at the time he received

the injury, and that his injuries are severe and permanent in character and the verdict not excessive; but counsel strenuously contends that there is no evidence in the record on which a finding that appellant's servants were guilty of any negligence which contributed to the accident which caused appellee's injury, can be based.    Appellee was engaged in doing some work for the mason contractor on one of the upper floors of the Phœnix Insurance Building, and over him on the frame work of the roof the servants of appellant were at work preparing to lay fire-proof arches between the girders which form the frame-work of the roof.    The girders of the roof, which had been put in place by a contractor who had done the iron work on this building, ran north and south, and when appellant's servants went upon the frame work of the roof on the morning of the accident they found a loose girder about seven or eight feet long which was no part of the roof, and which was resting east and west upon the north and south girders.    The roof girders were some six or seven feet apart and the morning was frosty and the iron slippery.    Appellant's servants began to put up a platform between the girders for the bricklayers who were to put in the tile, and the foreman of the appellant was standing on the girders hauling up a timber cross-piece from the floor below by means of a rope. This work was being done within some three feet of the loose girder, and the foreman in stepping around upon the roof girders a few moments before he began to haul up the cross-piece had stepped upon the loose one.    While he was hauling up the timber cross-piece the loose girder dropped between the roof girders to the floor below and struck appellee and inflicted upon him the injury in question.    There was no evidence that the loose girder was touched by any of the appellant's servants at the moment that it fell, and it was in evidence that they had nothing to do with placing it where it lay.

The court overruled appellant's motion to exclude the evidence from the jury and the action of the court in that regard is the main ground of error urged.

We do not think that action of the court furnishes a ground of error.    The court can not say, as a matter of law, that from

the facts in evidence no inference of negligence could be drawn against appellant. Whether or not working in the manner they did, in such close proximity to the loose girder after they knew it was loose, was negligence, was a proper question for the jury, and we can not say that the evidence does not furnish a basis for the inference they have drawn. Where inferences are to be drawn from facts in evidence it is the province of the jury to draw them, and where the evidence tends to support the theory of the plaintiff, whether it is sufficient to establish that theory must be left to the jury to determine. Rice v. Illinois Cent. R. R. Co., 22 Ill. App. 649, and cases there cited.

We have examined the modification of one of appellant's instructions which is complained of, and we are of opinion that the words stricken out by the court did not materially change the proposition as asked. The instruction as given is correct and it might have been given as asked, but the proposition is abstract, and the striking out of a portion of such a proposition where the remainder of the instruction does not tend to mislead can not be assigned for error. International Bank v. Jones, 20 Ill. App. 128.

We are of opinion that there is no error in the record and the judgment of the Superior Court must therefore be affirmed.

*Judgment affirmed.*