### WALTON v. CHICAGO, ST. P., M. & O. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. July 10, 1893.)

No. 244.

1. APPEAL—REVIEW—MOTION FOR NEW TRIAL.

An appellate court will not reverse a judgment rendered for defendant on his motion to vacate a verdict and grant a new trial where it appears that the plaintiff's counsel, on the hearing of said motion, stated to the trial judge that the cause "might as well be determined finally and at once; that a new trial, at most, would result in cumulative testimony; that if the plaintiff had not introduced testimony sufficient to sustain a verdict * * * he wanted to know it without the * * * expense of another trial,"—and where it appears that in entering judgment in favor of the defendant the trial court pursued the only possible course that could have been pursued to determine the case finally and at once, as plaintiff had requested it to do.

2. SAME—WAIVER OF ERRORS.

A party will not be heard to complain of errors which he himself has induced the trial court to commit.

In Error to the Circuit Court of the United States for the District of Minnesota.

At Law. Action by William Walton against the Chicago, St. Paul, Minneapolis & Omaha Railway Company for personal injuries received by plaintiff while in the service of defendant. Verdict was given for plaintiff. On defendant's motion to vacate the verdict and grant a new trial, judgment was given for defendant. Plaintiff brings error. Affirmed.

F. D. Larrabee, for plaintiff in error.

Thomas Wilson, (S. L. Perrin, on the brief,) for defendant in error.

Before SANBORN, Circuit Judge, and SHIRAS and THAYER, District Judges.

THAYER, District Judge. This is a writ of error which is brought to reverse a judgment that was rendered under the following circumstances:

The plaintiff in error sued the defendant in error for personal injuries sustained while in its employ as a brakeman and switchman. There was a trial in the circuit court for the district of Minnesota, and at the conclusion of all of the testimony the defendant moved the court to instruct the jury to return a verdict in its favor. This request was denied, and a verdict was thereafter returned in favor of the plaintiff in error. In due time a motion was filed by the defendant company to set aside the verdict, to vacate the judgment entered thereon, and to grant a new trial, which motion was duly argued and submitted, and afterwards sustained. It was thereupon ordered that the judgment and verdict theretofore rendered be vacated and set aside, that a judgment be entered in favor of the defendant, and that it go hence discharged without day, and recover its costs. After the entry of the last-mentioned order, no motion was made, either to set the same aside, or to modify it, or to expunge any portion of the order.

In explanation of the action taken by the circuit court on the motion for a new trial, it is stated in the brief of counsel for the plaintiff in error, and was orally admitted in argument, that on the hearing of said motion "the argument before the circuit court took the form of an argument upon the facts in the case," the question discussed being "whether or not there was sufficient evidence to sustain the verdict." It is also conceded by counsel, both in his brief and orally, that, during the argument of such motion, plaintiff's attorney stated to the trial judge that the case "might as well be determined finally and at once; that a new trial, at most, would only result in cumulative testimony; and that, if the plaintiff had not introduced testimony sufficient to sustain a verdict, if there was missing * * * an integral factor necessary to produce a cause of action, he wanted to know it without the additional expense of another trial."

In view of the admissions made by counsel for the plaintiff in error, it appears, we think, that the error complained of was an invited error,—one which the trial judge committed at the request of

the plaintiff in error. The trial court had the right to grant the motion for a new trial, and its action in that respect, being purely discretionary, cannot be reviewed by this court, as has many times been held. Henderson v. Moore, 5 Cranch, 11; Pomeroy's Lessee v. State Bank of Indiana, 1 Wall. 592, 597; Railway Co. v. Heck, 102 U. S. 120. The further action of the trial court, in rendering a final judgment in favor of the defendant, was no doubt induced by the statement of counsel, that, if the verdict was set aside on the ground of insufficient evidence, the plaintiff did not in that event desire a retrial, as it would only lead to increased trouble and expense. It is not denied that this is the plain import of the language employed, and that the trial court pursued the only possible course that could, under the circumstances, have been pursued, to determine the case "finally and at once," as it was requested to do, if it granted defendant's motion, on the ground that the facts proven did not constitute a cause of action.

If we assume that the plaintiff in error did not really intend to request the circuit court to enter a judgment in favor of the defendant in error if it was of the opinion that, upon the facts proven, no case had been made out,—that is to say, if we indulge in the liberal presumption that the plaintiff desired some other course to be pursued, which would obviate a retrial, and yet preserve his right to have the case reviewed,—then we think that he should have applied to the trial court, by motion or otherwise, to vacate or modify the erroneous judgment, before suing out the present writ of error. If such a course had been pursued, we must presume that the error complained of would have been corrected, if the plaintiff's attorney had succeeded in satisfying the trial judge that the request made on the hearing of the motion for a new trial had been in any respect misunderstood. As the case stands upon the present record, and the admissions of counsel, we are called upon to review an order that was evidently made at the request of the complaining party. This we must decline to do. It is a well-established doctrine that the parties to a suit must act consistently, and that they will not be heard to complain of errors which they have themselves committed, or have induced a trial court to commit. Long v. Fox, 100 Ill. 43, 50; Nitche v. Earle, 117 Ind. 270, 275, 19 N. E. Rep. 749; Dunning v. West, 66 Ill. 366, 367; Noble v. Blount, 77 Mo. 235; Holmes v. Braidwood, 82 Mo. 610, 617; Price v. Town of Breckenridge, 92 Mo. 378, 387, 5 S. W. Rep. 20; Fairbanks v. Long, 91 Mo. 628, 633, 4 S. W. Rep. 499.

Acting in conformity with these views, the judgment of the circuit court is affirmed.