SWOFFORD BROS. DRY-GOODS CO. et al. v. SMITH-McCORD DRY-GOODS CO.

(Circuit Court of Appeals, Eighth Circuit. February 7, 1898.)

No. 910.

1. CLAIM OF ATTACHED PROPERTY—ADMISSIONS BY INTERPLEADERS—PROOF OF ATTACHMENT LIEN.
Where claimants under a chattel mortgage allege in their interplea that the mortgaged property has been levied on by the marshal, under a writ of attachment issued in the suit in which the interplea is filed, and admit in the progress of the trial that the attached property and that which they claim is the same, it is not necessary, on the trial of the interplea, for the attaching creditor to offer in evidence the record in the attachment suit to show that he has secured a lien on the property.

2. CORRECTION OF VERDICT AFTER DISCHARGE OF JURY.
Where the verdict is responsive to the issues, and clearly discloses the intention of the jury, the court may correct it in mere matters of form and detail, after the discharge of the jury.

3. MOTION FOR PEREMPTORY INSTRUCTION — GROUND OF MOTION — QUESTIONS RAISED.
Exception to the overruling of a motion by mortgagees for a peremptory instruction in their favor, on the ground that plaintiff in attachment has failed to show any title to or lien upon the mortgaged property, does not raise the question of the sufficiency of the evidence to justify submitting to the jury the question as to whether mortgagees had participated in alleged fraud of the mortgagor in the execution of the mortgage.

4. MORTGAGEE'S PARTICIPATION IN MORTGAGOR'S FRAUD—QUESTION FOR JURY.
The question whether a mortgagee has so far participated in an alleged scheme of the mortgagor to defraud his creditors as to render the mortgage invalid as to them is generally so dependent for its solution upon inferences

85 F.—27

to be drawn from circumstances that it ought to be left to the jury, unless the case is free from doubt and uncertainty.

5. TRIAL—PRAYERS FOR INSTRUCTIONS.
     A party who has asked an instruction which required the jury·to determine a question cannot complain that such question was submitted to the jury, though it be one of law.

In Error to the United States Court of Appeals in the Indian Territory.

N. B. Maxey and William T. Hutchings, for plaintiffs in error.

John B. Turner and James B. Burckhalter, for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and PHILIPS, District Judge.

THAYER, Circuit Judge.    The Swofford Bros. Dry-Goods Company and the I. Stadden Grocery Company, the plaintiffs in error, on May 9, 1895, filed an interplea in an attachment suit which was then pending and undetermined in the United States court for the Indian Territory, wherein the Smith-McCord Dry-Goods Company was the plaintiff, and S. M. Perry, J. H. Langley, Lafayette Langley, and E. C. Langley, doing business in the name of S. M. Perry, were the defendants.    The interplea was filed under section 390, Mansf. Dig. Ark., which had been extended over, and was in force in, the Indian Territory.    It alleged, in substance, that said·interpleaders were entitled to the possession of certain personal property which had been attached in said cause, under the provisions of a chattel mortgage which had been duly executed and delivered by the defendants in said attachment suit to the aforesaid interpleaders.    The plaintiff in the attachment suit, to wit, the Smith-McCord Dry-Goods Company, answered the interplea, alleging, in substance, that the chattel mortgage under which the interpleaders claimed title to the property in controversy had been executed with intent to hinder, delay, and defraud the creditors of the mortgagors, and was therefore void. On the trial of this issue between the plaintiff in the attachment suit and the interpleaders, concerning the validity of the chattel mortgage, the attaching creditor, to wit, the Smith-McCord Dry-Goods Company, recovered a verdict against the interpleaders in the lower court, which was affirmed by the United States court of appeals for the Indian Territory.    37 S. W. 103.    The interpleaders have brought the case to this court for further review, and the first point urged upon our attention is that a verdict should have been directed in favor of the interpleaders by the trial court because the plaintiff in the attachment suit failed to offer in evidence the record in the attachment suit, and therefore did not show any title to or lien upon the property in controversy, which was covered by the interpleaders' chattel mortgage.    This point is untenable for the following reasons:    By filing an interplea under section 390, c. 9, Mansf. Dig. Ark., instead of under section 356 of the same chapter, the interpleaders conceded that an attachment suit was pending, and that a writ of attachment had been regularly obtained and levied on the property in controversy.    If this was not the necessary effect of proceeding under section 390, rather than under section 356, it is nevertheless true that

the interplea contained an allegation, in substance, that the marshal had levied upon the property in controversy under a writ of attachment issued in the very suit in which the interplea was filed; and this must be regarded as an admission that the writ in question was regularly sued out by the attaching creditor, which admission was binding upon the interpleaders, after they had taken the property from the officer, and given a statutory bond for its return. Moreover, the record contains an express admission made by the parties during the progress of the trial, to the effect that the property claimed by the interpleaders was the same property which had been theretofore levied upon under a writ of attachment, issued in favor of the Smith-McCord Dry-Goods Company against S. M. Perry. It is obvious, therefore, that it was not necessary for the attaching creditor, on the trial of the interplea, to show that it had secured a lien on the property by the issuance of a levy or a valid writ of attachment. That fact was admitted, and the sole issue to be tried, when the case came on for hearing, was whether the interpleaders' mortgage was valid, as against the attaching creditor, or was vitiated by the alleged fraud.

The next point urged is that the trial court erred in permitting the verdict to be amended four days after it was returned, and after the jury had been discharged. The verdict, as originally returned, was in the following form:

"Smith-McCord Dry-Goods Company, Plaintiff, vs. S. M. Perry et al., Defendants.

"We, the jury, impaneled to try the issues herein, find the issues for the plaintiff. George M. Martin, Foreman."

As amended by the court, it was made to read as follows, the words in italics being those which were supplied:

"Smith-McCord Dry-Goods Company, Plaintiff, vs. S. M. Perry et al., Defendants.

"*Swofford Brothers Dry-Goods Company and I. Stadden (Grocer) Company, Interpleaders.*

"We, the jury, impaneled *and sworn* to try the issues herein, find the issues *in favor of the* plaintiff, *and against the interpleaders.*"

The verdict, as returned by the jury, was responsive to the issue which had been tried, and clearly disclosed the intention of the jury to find on that issue in favor of the attaching creditor, and against the interpleaders. Such being the case, it was the right and duty of the court to correct it in matters of form and detail, and no other corrections appear to have been made. It is well settled that such corrections may be made where the intent of the jury is clear, and the amendments made do not change the meaning or effect of the verdict. Woodruff v. Webb, 32 Ark. 612, and cases there cited; Neal v. Peevey, 39 Ark. 337; Thomp. Trials, §§ 2642-2644, and cases there cited.

It is next assigned for error that the court erred in giving certain instructions. The most important assignment of this character relates to two instructions, numbered in the record 11 and 15, in which the trial court submitted to the jury, in substance, the question

whether the interpleaders' mortgage was executed by the mortgagors with intent to hinder, delay, and defraud their creditors, and whether the interpleaders were aware of such intent, and "participated in the fraud," or, as it was expressed in another instruction, had taken and accepted "said mortgage with the view and aim to aid and forward the said design of cheating or hindering or delaying creditors." The objection made to these instructions in this court is that there was no evidence before the jury tending to show that the interpleaders were in any wise concerned in the alleged fraud of the mortgagors, and that it was error to submit that issue to the jury. It does not appear, however, that this objection to the instructions was made in the trial court, and it is not covered by the assignment of errors. At the conclusion of the evidence, the interpleaders did move the court to direct a verdict in their favor; but in the assignment of errors the exception to the refusal of the court to grant such request is predicated solely on the ground that it ought to have been given because the attaching creditor had "failed to show any title to or lien on the property in controversy that would entitle it to contest the interpleaders' claim to said property." It is evident, therefore, that the motion for a peremptory instruction in favor of the interpleaders was made for the reason heretofore considered and overruled, namely, that the attaching creditor, by neglecting to introduce the record in the attachment suit, had failed to show that it had any interest in the mortgaged property, and that the motion was not based on the ground that there was no evidence connecting the interpleaders with the alleged fraud of the mortgagors. The record shows, we think, that the case was tried on the assumption that there was enough evidence of fraud affecting the interpleaders to warrant the submission of that issue to the jury; and, where a litigant acts on that assumption, it is well settled that he cannot, in an appellate court, question the sufficiency of the evidence to sustain the verdict. Village of Alexandria v. Stabler, 4 U. S. App. 324, 1 C. C. A. 616, and 50 Fed. 689; Insurance Co. v. Unsell, 144 U. S. 439, 12 Sup. Ct. 671.

If we have not reached the conclusion last announced, that the question as to the sufficiency of the evidence to sustain the verdict was not open for consideration on the present record, we should nevertheless be of opinion that some facts, circumstances, and declarations were proven which warranted the court in allowing the jury to determine whether the interpleaders had so far participated in the scheme said to have been devised by the mortgagors to defraud their creditors as to render the mortgage worthless as against the plaintiff in the attachment suit. Questions of that nature are so far dependent for their solution upon inferences to be drawn from circumstances that they are peculiarly questions for a jury, and ought not to be withdrawn from their consideration unless the case is free from doubt and uncertainty. Although the evidence tending to show that the interpleaders had acted in bad faith towards the other creditors of the mortgagors was not very persuasive, yet, in view of all the facts and circumstances, we have reached the same conclusion which was announced by the court of appeals in the Indian Territory, namely, that that issue was properly submitted to the jury.

Exceptions were also taken to two other instructions given by the trial court, being instructions Nos. 13 and 14, and these exceptions are properly embodied in the assignment of errors. Counsel for the plaintiffs in error have not pointed out with certainty the particular vice in these instructions of which they complain, and for that reason we might properly decline to notice the alleged errors. An inspec; tion of the instructions shows, however, that they each left the jury at liberty to determine, as a question of fact, whether the words "choses in action," as used in the mortgage, were intended to convey certain notes and accounts amounting to about $6,000 then belonging to the mortgagors, and it may be, although it is not so stated in the brief, that this is the particular error in the instructions of which the interpleaders complain. If such be the case, the error complained of is of no importance, since it appears that the interpleaders themselves asked an instruction by which the jury were required to determine whether the notes and accounts were conveyed by the mortgage. For that reason, they are not in a position to complain of the instructions in question, even though it be true that the question whether the notes and accounts passed by the mortgage was a question of law arising upon the construction of the mortgage, which should have been determined by the court. As both parties, during the progress of the trial, seem to have been willing to have this question determined by the jury, it is now too late to urge that it should have been determined by the court. Walton v. Railway Co., 12 U. S. App. 511, 6 C. C. A. 223, and 56 Fed. 1006.

The only other assignments of error that are noticed in the argument of counsel for the plaintiffs in error have reference to the action of the trial court in permitting two witnesses, R. J. Brock and J. H. Langley, to answer certain questions which were propounded to them. The question that was addressed to the first of these witnesses was merely introductory to certain evidence that had some tendency to show that the mortgagors who executed the mortgage in controversy had formed an intent, prior to its execution, to hinder, delay, or defraud their creditors, and it was relevant testimony for that purpose only, as the trial court properly held. The other question, which was addressed to the witness Langley, was intended to elicit certain statements that had been made by an agent of the interpleaders to the mortgagors at the time he solicited and procured the mortgage in controversy, and we can perceive no valid objection to the testimony. Counsel for the interpleaders contend that the answer to this question called for declarations made by one of the mortgagors after the execution and delivery of the mortgage which were calculated to invalidate the security in the hands of the mortgagees, but this seems to us to be a misconception of the character of the evidence. Upon the whole, we discover no error in the record which would justify a reversal of the case, and the judgments below are therefore affirmed.