## WHELAN et al. v. WELCH et al.

### LYNCH v. SAME.

(Court of Appeals of District of Columbia. Submitted December 8, 1920. Decided January 3, 1921.)

Nos. 3402, 3403.

1. **Appeal and error** ⬅⟾1005(1)—**Denial of new trial, claimed for insufficiency of evidence, not reviewable.**
An order overruling a motion for a new trial, based on the claim that the verdict was not sustained by sufficient evidence, is not reviewable on appeal under federal practice; but that question should be raised by a request for a peremptory instruction.

2. **Appeal and error** ⬅⟾882(14)—**Request for submission to jury precludes claim evidence was insufficient.**
Where plaintiffs requested the court to submit the case to the jury, they impliedly represented that there was a question for the jury's consideration, and cannot, on appeal, claim that the evidence was insufficient to sustain the verdict against them.

3. **Stipulations** ⬅⟾18(3)—**Stipulation allowing plea in bar precludes right to judgment on overruling pleas in abatement.**
Where the parties stipulated that the demurrers to the pleas in abatement should be sustained, and defendants granted leave to plead in bar, and thereafter plaintiffs joined issue on the pleas, they cannot, after an adverse verdict, claim that the court erred in not entering judgment for them immediately on the overruling of the pleas in abatement.

4. **Pleading** ⬅⟾225(1)—**Defendant can amend after demurrer to plea in abatement is sustained.**
Common-law pleading is in force in the district only in so far as it has not been modified by statute or rule, and under Supreme Court law rule 31, providing that, on sustaining a demurrer the opposite party shall have 10 days to amend, a defendant to whose pleas in abatement a demurrer was sustained can thereafter amend by pleading in bar.

5. **Appeal and error** ⬅⟾1033(2)—**Rulings favorable to appellants will not be reviewed.**
On appeal by the plaintiffs the court's action in sustaining the demurrers to the pleas in abatement will not be reviewed, where the defendants against whom the decision was rendered are not complaining thereof.

---

⬅⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**6. Abatement and revival ⊚⟶74 (6)—Time to serve summons runs from death, not from notice thereof.**

Under Code, § 236, abating the action if the representative of a deceased defendant is not made a party within one year from the death of defendant, the year within which the summons must be served on the heirs and personal representatives of a deceased defendant runs from date of defendant's death, not from date on which plaintiffs learned of the death.

**7. Statutes ⊚⟶190—Construction resorted to only in case of ambiguity or absurdity.**

Construction of a statute to ascertain the legislative intent will be resorted to only where the language is ambiguous, or where its plain meaning would lead to an absurd consequence.

**8. Appeal and error ⊚⟶237 (2)—Evidence admitted subject to objection reviewed only after motion to strike.**

Evidence which opposing counsel agreed should go in subject to his objection was admitted subject only to his right to move to have it stricken, and the admission of such evidence cannot be reviewed on appeal, where he did not thereafter exercise that right.

**9. Appeal and error ⊚⟶1050 (1)—In ejectment, evidence as to profits received by defendant held not prejudicial to plaintiff.**

In ejectment, where it was agreed plaintiff was entitled to recover all profits from the premises from the defendants in the action, whether they were received by defendants or others, and the amount of such profits was stipulated, evidence as to the amount of the profits which the defendants themselves received, which was less than the stipulated amount, was not prejudicial to plaintiff, as inducing the jury to find against their right to the premises to avoid imposing on the defendants liability for profits not received by them.

Appeals from the Supreme Court of the District of Columbia.

Separate actions in ejectment by Thomas C. Whelan and others and by William T. Lynch against Mary J. Welch and others, which were submitted together. Judgment for defendants in each case, and plaintiffs appeal. Affirmed.

C. A. Douglas, C. A. Keigwin, H. H. Obear, and J. V. Morgan, all of Washington, D. C., for appellants.

Clarence R. Wilson, Paul E. Lesh, and Nathaniel Wilson, all of Washington, D. C., for appellees.

SMYTH, Chief Justice. These appeals involve the same questions, were submitted together, and will be disposed of as one case. Appellants instituted actions in ejectment for the recovery of a lot in the City of Washington. They were consolidated for trial. In one two-thirds of the title was claimed, and in the other the remaining one-third. Judgments were entered against them, and they bring the cases here for review.

[1] 1. It is asserted that the court erred in overruling a motion for a new trial based on the assumption that the verdict was not sustained by sufficient evidence. According to federal practice this is not assignable as error. Mr. Justice Story, as long ago as Barr v. Gratz, 4 Wheat. 213, 220 (4 L. Ed. 553), said that it "is too plain for argument that such a refusal affords no ground for a writ of error." See, also, Crumpton v. United States, 138 U. S. 361, 363, 11 Sup. Ct.

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

355, 34 L. Ed. 958; Wheeler v. United States, 159 U. S. 523, 524, 16 Sup. Ct. 93, 40 L. Ed. 244; Moore v. United States, 150 U. S. 57, 61, 14 Sup. Ct. 26, 37 L. Ed. 996; Brown v. Clarke, 4 How. 4, 15, 11 L. Ed. 850; United States v. Daniel, 6 Wheat. 542, 545, 5 L. Ed. 326.

[2] If appellants desired to raise the question of the sufficiency of the evidence, they should have done so by a request for a peremptory instruction to return a verdict in their favor (German Insurance Co. v. Frederick, 58 Fed. 144, 148, 7 C. C. A. 122; Western Coal & Mining Co. v. Ingraham, 70 Fed. 219, 222, 17 C. C. A. 71; Joplin & P. Ry. Co. v. Payne, 194 Fed. 387, 389, 114 C. C. A. 305); but they did not do so. On the contrary, they requested the court to submit the case to the jury, thus impliedly stating that there was a question for the jury's consideration. Williams v. Vreeland, 250 U. S. 295, 298, 39 Sup. Ct. 438, 63 L. Ed. 989, 3 A. L. R. 1038. They will not now be heard to say that the representation was not correct. United States v. Memphis, 97 U. S. 284, 292, 24 L. Ed. 937; Hartford Life Ins. Co. v. Unsell, 144 U. S. 439, 451, 12 Sup. Ct. 671, 36 L. Ed. 496; Walton v. Chicago, St. Paul, etc., Railway Co., 56 Fed. 1006, 6 C. C. A. 223; Swofford Bros. Dry-Goods Co. v. Smith-McCord Dry-Goods Co., 85 Fed. 417, 421, 29 C. C. A. 239.

Appellants refer us to a number of decisions wherein it was ruled that if the testimony is of such a conclusive character as to compel the court, in the exercise of a sound judicial discretion, to set aside a verdict returned in opposition thereto, the case should not be submitted to the jury. Of course that is true. But how must the question be raised, so that it may be examined by a reviewing court? Not for the first time by a motion for a new trial, but always by a request for a directed verdict. And that is the manner in which it was presented in the cases cited. None of them countenances the procedure followed here.

We have, however, considered the testimony, and find it much in conflict. It was because of this a proper subject for the consideration of the jury.

[3] 2. Appellees, defendants below, filed pleas in abatement puis darrein continuance, which were demurred to by plaintiffs. After the demurrers had been argued, but before the court had ruled, the parties stipulated that the demurrers might be sustained, that the defendants be granted leave to plead in bar, and that amendments which plaintiffs had offered to the declarations might be filed. The court approved the stipulation, the amendments were filed and so were the pleas in bar. Plaintiffs joined issue on the pleas, a trial was had, and a verdict returned. Now they insist that the court erred in not entering judgment for them immediately upon the overruling of the pleas in abatement; in other words, that error prejudicial to their case was committed by doing that which they stipulated might be done. Counsel present no authorities for so startling a proposition, and we do not believe any can be found. The Supreme Court of the United States said in Wallace v. McConnell, 13 Pet. 136, 152 (10 L. Ed. 95) that if the defendant, after a plea in bar, "pleads a plea puis darrein continuance, this is a waiver of his bar, and no advantage shall be

taken of anything in the bar." But there is nothing in this which prohibits the plaintiff, for whose benefit the law raises the waiver, from refusing to take advantage of it, and this he would do by consenting that the defendant might rehabilitate his plea in bar.

[4] Besides, common-law pleading is in force in this district only in so far as it has not been modified by statute or rules of court. Law rule 31 of the Supreme Court provides that "upon the sustaining of a demurrer the opposite party shall have ten days to amend." The rule, it will be perceived, is general and applies to all demurrers—those leveled against a plea in abatement as well as those directed against a declaration or an answer. So that, when we consider the stipulation and the rule, or either, it must be apparent that no error of which appellants can complain was committed by the failure of the court to give judgment for the appellees at the time it overruled the pleas puis darrein continuance.

[5] 3. Much space is given in the brief of appellants to the contention that the pleas in abatement puis darrein continuance were bad, both in substance and in form, and this is on the theory that we will, on this appeal, review the court's action in sustaining the demurrers to the pleas, for the purpose of determining whether it was correct. But why should we do so, since the appellees, against whom the decision was rendered, are not complaining?

[6] 4. During the pendency of the suit certain of the defendants died. Summonses were issued, at the request of the plaintiffs, against their heirs, and also against the administrator of the estate of one of them, for the purpose of making them parties to the action. The administrator filed a plea in abatement, and the others moved to quash the summonses. The demurrer to the plea and the motion to quash were sustained. It appears, without dispute, that none of the summonses was issued until more than a year after the death of the original defendants. Code, § 236, says:

"If the proper representative of a deceased defendant be not made a party to the action within one year from the death of said defendant, the action shall abate as to such defendant."

[7] It is admitted that if this is taken literally, the court below was right, but it is insisted that the provision should be construed so that the year would be measured not "from the death" of the defendants, but from the date on which the plaintiffs learned of their death. There is no authority for this. Judicial construction is never resorted to "until uncertainty is encountered." Mayo v. Whedon, 47 App. D. C. 138, 140, and cases there cited. See, also, Lake County v. Rollins, 130 U. S. 662, 671, 9 Sup. Ct. 651, 32 L. Ed. 1060, and Bate Refrigerating Co. v. Sulzberger, 157 U. S. 1, 38, 15 Sup. Ct. 508, 39 L. Ed. 601. There is no ambiguity in the Code provision. Its meaning is plain and unmistakable. When the language of a statute is not ambiguous, it must be construed in its natural and obvious sense. United States v. Union Pacific Railroad Co., 91 U. S. 72, 23 L. Ed. 224; Mayo v. Whedon, 47 App. D. C. 138, 140. " * * * Where the language of an act is explicit, there is great danger in departing from the words used, to give an effect to the law which may be supposed to have been

designed by the Legislature." Denn v. Reid, 10 Pet. 524, 527, 9 L. Ed. 519. See, also, Bate Refrigerating Co. v. Sulzberger, 157 U. S. 1, 37, 15 Sup. Ct. 508, 39 L. Ed. 601.

It is true, as urged by appellants, that in construing a statute the intention of the lawmakers should be sought; but that is to be done by studying the language used, and it must be taken according to its plain significance, unless that would lead to an absurd consequence. Mayo v. Whedon, supra. Nothing of that nature would result here by taking the Code according to its obvious meaning. There is nothing in the decisions cited by appellants which conflicts with these rulings.

5. The action sought not only the lot, but also the amount of profits received by the defendants, so far as their recovery was not barred by the statute of limitations. It appears, from what we said when discussing, the pleas in abatement puis darrein continuance, that all those claiming an interest in the lot adverse to the plaintiffs were not before the court at the time of the trial. The amount of profits received by the defendants was shown. It was about half the total amount received by all the defendants, including those not served. In the court's charge the jury were told that if they found for plaintiffs with respect to the title they should also award them the entire amount of recoverable profits received by those in possession, on the theory that the served defendants were jointly liable with those not served. It is asserted that, in view of this charge, the soundness of which is not questioned, the testimony disclosing that defendants had received only half of the profits for which they might be held liable had a tendency to deter the jury from finding against them touching the title, and therefore that plaintiffs were prejudiced by it. No objection, however, was made to the testimony of the first witness on the subject until after her answer had been given, nor was any motion made to withdraw it from the jury's consideration.

[8, 9] As to this testimony, and that of the others upon the same subject, counsel for plaintiffs stated that he was willing it should "go in" subject to his objection; that is, subject to his right, if he so elected, to move to have it stricken out and the jury instructed to disregard it. But he did not exercise that right. It is manifest from the record that he attached but very little importance to it at the time, and correctly so, for we cannot perceive how it could have prejudiced plaintiffs in the minds of the jury. A statement of the amount of profits was agreed upon between the parties and handed to the jury to be included in the verdict in case they found for the plaintiffs. Thus both parties agreed that, if the land belonged to the plaintiffs, the defendants were liable to them in the stipulated amount.

Washington Gaslight Co. v. Lansden, 172 U. S. 534, 19 Sup. Ct. 296, 43 L. Ed. 543, is cited by appellants as authority for their position. That was a libel action against individuals and a wealthy corporation. A verdict, including punitive damages based on the wealth and ability of the corporation to pay, was returned. The Supreme Court held that the corporation was not liable, but that the individuals were, and reversed the case, however, as to all, saying that there was

"no justice in allowing the recovery of punitive damages in an action against several defendants, based upon evidence of the wealth and ability to pay such damages on the part of one of the defendants only." 172 U. S. 553, 19 Sup. Ct. 303, 43 L. Ed. 543. We do not think there is any analogy between that case and this.

Other errors are assigned with respect to the admission of the testimony of one witness and the rejection of the testimony of another. The testimony in both instances was so inconsequential that no injury could have resulted.

A careful consideration of all the errors assigned forces us to the conclusion that there are no infirmities in the judgments, and therefore they are affirmed, with costs.

Affirmed.