## ABBOTT v. FANT.

### No. 199.

Municipal Court of Appeals for the District of Columbia.

July 19, 1944.

---

Charles H. Quimby, of Washington, D. C. (Elmer E. Cummins, of Washington, D. C., was on the brief), for appellant.

William Logan Donnel, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

RICHARDSON, Chief Judge.

Appellant, late in 1942, purchased a twenty-three unit apartment building, wherein appellee, for more than a year, had occupied a two-bedroom apartment. After service of a notice to vacate on November 6, 1943, appellant filed suit for possession. The sole issue was whether appellant sought "in good faith to recover possession of the property for his immediate and personal use and occupancy as a dwelling."[1] Judgment was for appellee on a jury's verdict in his favor.

When appellant purchased the building he intended ultimately to make his home in it. The following summer he became engaged to be married, and desired to obtain the apartment in question as a residence for himself and prospective wife. There was no ill feeling toward appellee, and appellant selected appellee's two-bedroom apartment, there being but one other of this size in the building, for living quarters for himself and for certain relatives.

■ Appellee offered evidence, to which no objection was made, that other apartments in the building containing one bedroom had been vacated since July, 1943. Error is assigned in the admission of this evidence. While we have held that an owner has the right to select which of several properties he desires to occupy,[2] this does not imply that the existence of other available premises is not admissible in evidence, to be given such weight as court or jury may accord it in deciding the question of good faith. In Colwell v. Stonebraker, D.C.Mun.App., 31 A.2d 866, 867, we said: "the availability of other quarters, an objection to or even ill-will toward a particular tenant, are matters properly admitted in evidence as bearing upon the good faith of one seeking possession under Section 5 of the Rent Control Act. But no one, or all in combination, necessarily constitute bad faith. They are items of evidence, to be considered by the court with the other evidence in the case."

■ It is further claimed that the court erred in not directing a verdict for appellant upon uncontradicted evidence of his good faith in seeking possession for his immediate personal use. Appellant made no motion for an instructed verdict. He made no objection to submission of the case to the jury; nor was the point included in his motion for a new trial.

It would suffice to quote, as in a like case,[3] "One cannot take his chances on a favorable verdict, reserving a right to impeach it if it happens to go the other way." We find no ground for reconsideration of the views then expressed. Our jurisdictional act[4] requires that our rules "shall conform as nearly as may be practicable to the forms, practice, and procedure now obtaining under the Federal Rules of Civil Procedure." Our Rule 13, identical in language to Federal Rule 46, 28 U.S.C.A. following section 723c, dispenses with formal exceptions but requires that a party make known to the court at the time "the action which he desires the court to take or his objection to the action of the court and his grounds therefor."

Adoption of the Federal rule confirmed without change a long established practice. It has repeatedly been held that on appeal the court will not examine the evidence to determine whether a binding instruction should have been given where it has not been seasonably moved at the trial.[5] This

[1] District of Columbia Emergency Rent Act, Code 1940, § 45—1605(b) (2).

[2] Shaffer v. Bowes, D.C.Mun.App., 31 A.2d 690.

[3] District Hauling & Construction Co. v. Argerakis, D.C.Mun.App., 34 A.2d 31.

[4] Code 1940, § 11—774.

[5] Hartford Life & Annuity Ins. Co. v. Unsell, 144 U.S. 439, 12 S.Ct. 671, 36 L. Ed. 496; Slip Scarf Co. v. Wm. Filene's Sons Co., 1 Cir., 289 F. 641; Weinstein v. Laughlin, 8 Cir., 21 F.2d 740; Ameri-

620

has also been the rule in this jurisdiction.[6] Appellant is therefore precluded from asserting this alleged error.

Nor can we sustain appellant's claim that the court should have declared a mistrial because opposing counsel in his argument to the jury referred to appellee as an American citizen whose son was overseas fighting for his country. No objection or motion for a mistrial was made before the return of the verdict.[7] And in its charge the court instructed the jurors that it was their duty to disregard any remarks of counsel tending to arouse their sympathy.

Affirmed.

can Petroleum Co. v. Missouri Pacific R. Co., 8 Cir., 25 F.2d 441; Sacramento Suburban Fruit Lands Co. v. Elm, 9 Cir., 29 F.2d 233; Najera v. Bombardieri, 10 Cir., 46 F.2d 281.

6 Whelan v. Welch, 50 App.D.C. 173, 269 F. 689.

7 Meyer v. Capital Transit Company, D.C.Mun.App., 32 A.2d 392.